UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLLEEN ROTHS,
CHARLES P. ROTHS, DECEASED,
IN PRO PER,

        Plaintiff,

vs.

DAIMLERCHRYSLER CORPORATION,
CHRYSLER CORPORATION PENSION
PLAN CIMS, BENEFITS EXPRESS,
WORLD HEADQUARTERS,

        Defendants.
_____/

Case No. 07-CV-11942

HON. GEORGE CARAM STEEH

<u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT (DOC. # 5), DENYING PLAINTIFF'S "MOTION FOR SUMMARY
JUDGMENT" (DOC # 15), DENYING PLAINTIFF'S "MOTION FOR SUMMARY
DISPOSITION" (DOC # 19), AND DENYING AS MOOT DEFENDANTS' MOTION FOR
ENTRY OF AN ERISA SCHEDULING ORDER (DOC. # 6)</u>

INTRODUCTION

This is an action brought by *pro se* plaintiff Colleen Roths in an attempt to collect surviving spouse pension benefits allegedly owed to her under the Chrysler Corporation-UAW Pension Plan. Before the court is defendants' motion for summary judgment, two motions filed by plaintiff entitled plaintiff's "motion for summary judgment" and "motion for summary disposition," and defendants' motion for entry of an ERISA scheduling order.[1] Because the court is persuaded by defendants' motion that the

---

[1] The court has construed plaintiff's "motion for summary judgment" as both her response to defendants' motion and her own motion for summary judgment. Furthermore, the court has determined that it would not benefit from oral argument on these motions, and orders the matter submitted on the briefs, in accordance with E.D. Mich. LR 7.1(e)(2).

applicable statute of limitations bars this action, that motion is granted as set forth below. Accordingly, plaintiff's motions are denied, and defendants' motion for an ERISA scheduling order is denied as moot.

## BACKGROUND

Defendants state the background facts to this lawsuit as follows, most of which are not disputed by the plaintiff. Charles Roths, deceased, was a long-term Chrysler employee who retired on December 31, 1971. Plaintiff Colleen Roths married Charles Roths on April 18, 1980. Prior to his retirement from Chrysler, Charles Roths had elected the surviving spouse retirement benefits option; however, his then wife Freeda Roths predeceased him in 1979, and the surviving spouse election was cancelled by the pension board. Charles Roths began receiving an unreduced pension in 1980, and continued receiving it until his death in 2005.

Concerning the surviving spouse election, it is not disputed that the applicable provisions of the Chrysler-UAW Pension Plan provide that:

> [n]o election provided hereunder shall become effective under any circumstances for any retired employee whose completed election form is received by the Board of Administration after the first day of the month in which the retired employee has been married one year.

Surviving Spouse Option sections of Chrysler-UAW Pension Plan, attached to defendants' motion as Exhibit H to Exhibit 1. Defendants state that the Roths did not elect the surviving spouse option within the period prescribed in the plan. In fact, defendant asserts, this did not occur until an application dated June 15, 1993 was sent in by Charles and Colleen Roths, which was denied on July 27, 1993, for the reason that the Roths were not eligible to elect such coverage more than one year after their

2

marriage. Defendants state that then in February 1996, Charles Roths wrote a letter to the Pension Board asserting that he had "found" a surviving spouse election form signed and dated April 18, 1980, which was the date that he married Colleen Roths. In that letter, Mr. Roths stated that

> I signed this election on April 18, 1980. I just recently found this paper within my personal effects and I realized that I have not sent it in as required. I did not realize that the paper has not been sent and that my present wife would not receive any of my pension after I died until recently when I found this paper which I thought had already been sent.
> I am requesting the Board to reduce my present benefits and charge my account in order to have my present wife have survivorship benefits in my pension.

Roths letter dated February 2, 1996, attached to defendants' motion as Exhibit K to Exhibit 1. However, the Pension Board did not grant this request, as it was not made within 1 year of marriage to Colleen Roths.

On June 10, 1996, Charles Roths wrote another letter to the Pension Board, stating that

> I have enclosed a copy of a signed Application to elect or re-elect a Surviving Spouse Option which was signed on April 18, 1980. I didn't realize that my wife did mail it in. I don't understand why Chrysler did not get this matter handled, unless it was a problem with the mail.

Roths letter dated June 10, 1996, attached to defendants' motion as Exhibit M to Exhibit 1. A similar request was made by Mr. Roths in early August, 1996. The Board denied both the June and August 1996 requests with two letters in August. The June Roths letter was addressed in a Board letter dated August 5, 1996, in which it informed Roths of its review of his file, and noted that it did not receive a copy of the death certificate of Freeda Roths until September 1980, and cancelled the surviving spouse option for her in December 1980. It noted that although in the meanwhile Charles Roths had been

3

remarried in April 1980, there was no attempt to inform the Board of the new marriage or to make such an election for Colleen.

After Charles Roths' death in April 2005, Colleen Roths sent a letter to the Board about surviving spouse pension benefits. That request, sent July 13, 2005, was rejected by Board letter dated July 25, 2005, to which it attached a copy of the August 1996 letter written to Charles Roths. Plaintiff filed this lawsuit in the Oakland County Circuit Court on April 5, 2007, and defendants removed that action to this court on May 3, 2007.

### STANDARD

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The

4

evidence and all reasonable inferences therefrom must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

## ANALYSIS

Defendants make three arguments in their motion for summary judgment, discussed in the order presented, set forth below.

### ERISA Preemption

Defendants' first argument is that plaintiff's breach of contract claim is preempted by ERISA, and must be disposed of on that basis. Defendants will not succeed on this

argument. This matter was removed to federal court on the basis of federal question jurisdiction; in *defendants*' removal of the action, it was asserted that "[t]he District Court has original jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. §§ 1331 and 1337, as this case involves a claim for benefits under a pension plan governed by ERISA. It appears to the court to be a disingenuous argument to now assert that the claims may not be heard, as they are preempted by ERISA; rather, they are properly characterized as ERISA claims "to recover benefits due...under the terms of [the] plan..." and were properly removed. See 29 U.S.C. § 1132(a)(1)(B); Wright v. General Motors Corp., 262 F.3d 610, 613 (6th Cir. 2001) (characterizing claims as "superceding ERISA claims").

Statute of Limitations

Defendants' next two arguments concern the applicable statutes of limitations for breach of contract under Michigan law and for an ERISA claim made in Michigan, and assert plaintiff's claims are barred under either limitations period. The statute of limitations applicable to a breach of contract claim under Michigan law is six years. Mich. Comp. Laws Ann. § 600.5807(8). Likewise, as asserted by defendants, that same statute of limitations is applied to plaintiff's ERISA claim. Santino v. Provident Life and Acc. Ins. Co., 276 F.3d 772, 776 (6th Cir. 2001), Meade v. Pension Appeals & Review Comm., 966 F.2d 190, 194-95 (6th Cir. 1992).

Concerning the accrual date, or date on which a statute of limitations begins to run, a claim for breach of contract accrues when the breach occurs, rather than the date on which the breach is discovered. Mich. Millers Mut. Ins. Co. v. W. Detroit Bldg. Co., Inc., 196 Mich. App. 367, 372 n.1 (1992). On the other hand, in an ERISA action, as

discussed by defendants, a claim for ERISA benefits accrues "when the plaintiff discovers, or with due diligence should have discovered 'the injury that is the basis of the action." Armbruster v. K-H Corp., 206 F.Supp. 2d 870, 887 (E.D. Mich. 2002) (quoting Michigan United Food & Commercial Workers' Unions & Drug and Mercantile Employees Joint Health and Welfare Fund v. Muir Company, Inc., 992 F.2d 594, 597 (6th Cir. 1992). Thus, if the ERISA limitations period had run when this action was filed by plaintiff, all arguably applicable limitations periods would have passed, and thus bar this lawsuit.

It appears that plaintiff Colleen Roths knew of each of Charles Roths' various attempts to elect the surviving spouse pension benefits option described in the background section of this opinion, as she certainly expresses no surprise at the facts recited by defendants. However, looking at the facts in a light most favorable to the non-movant, as the court must, it does not appear that plaintiff Colleen Roths was specifically addressed in the correspondence or paperwork of 1993-96, and the court cannot discern with certainty her knowledge of those events. However, plaintiff certainly knew of the Board's decision by January 22, 1997, as she has attached a letter of that date as Exhibit G to her filing entitled "Plaintiff's Motion for Summary Judgment," filed August 17, 2007. That letter, which included a cc: to Mrs. Colleen Roths, was written by attorney Martin J. Brosnan, of the law firm Caputo Brosnan, to Ms. Fran Clancy at the Chrysler-UAW Pension Board of Administration. The letter read:

Dear Ms. Clancy:

We have repeatedly requested your documentary proof that Mr. and Mrs. Roths have waived their right to a joint and survivor annuity and you have the release you requested. We can only presume that you cannot support

7

> your position.
>
> Demand is hereby made to revise the Roths' pension benefit to provide for a joint and survivor annuity benefit.
>
> Very truly yours,
>
> Caputo Brosnan P.C.
> By: Martin J. Brosnan

This letter shows without question that plaintiff Colleen Roths knew by January 1997 of the "injury that is the basis of [her] action." Michigan United Food & Commercial Workers v. Muir Company, Inc., 992 F.2d at 597. Therefore, the statute of limitations applicable to ERISA actions would have run no later than January 2003. This action was not filed until 2005, and thus defendants are entitled to judgment on this basis.

Remaining Motions

In accordance with the court's determination set forth above, defendants' motion for an ERISA scheduling order will be denied as moot. Plaintiff's motions for "summary judgment" and "summary disposition[2]" are denied.

CONCLUSION

---

[2] In this motion, plaintiff asserts that defendants have not provided her with requested discovery, such as her deceased husband's file. As defendants assert, the court has stayed the dates in the scheduling order pending determination of these motions. Furthermore, given the court's disposition of the matter on statute of limitations grounds, it is the court's finding that documents which plaintiff might secure through discovery could not impact that decision.

For the reasons stated above, defendants' motion for summary judgment is hereby GRANTED. Judgment will enter for defendants. The remaining motions addressed by this order are DENIED.

IT IS SO ORDERED.

Dated: September 28, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 28, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk